















```
JPP    10/3/01   9:29
3:01-CV-01777   SUSTEREN V. JONES
*1*
*CMP.*
```

ADAM VAN SUSTEREN
2461 Union St. #2
San Diego, CA. 92101
Tel. (619)230-1411
Pro Se



IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

ADAM VAN SUSTEREN, )
　)
　　Plaintiff, )
　)
v. )   Civil No. 01 CV 1777 BTM (POR)
　)
BILL JONES in his official )   COMPLAINT FOR
capacity as California )   INJUNCTIVE RELIEF
Secretary of State; MIKEL )   (ELECTIONS)
HAAS in his official capacity )
as Registrar of Voters )   PRIORITY MATTER
　)
　　Defendants, )
　)

### INTRODUCTION

This complaint is brought by and on behalf of Adam Van Susteren, a San Diego resident, who is seeking ballot access for the 2002 election in the United States House of Representatives. Defendants warned through employee Cathy Glaser that Plaintiff will be prevented from filing the necessary papers for ballot access, claiming that Plaintiff did not meet requirements pursuant to the California Elections Code. Plaintiff asserts

the law preventing his ballot access violates the Qualifications Clause of the United States Constitution. Plaintiff seeks an injunction against Defendants from enforcing the law.

## JURISDICTION

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, which grants the district courts original jurisdiction for all civil actions arising under the Constitution, laws, or treaties of the United States. This action arises under a question of the United States Constitution.

## VENUE

2. Venue is predicated on the provisions of 28 U.S.C § 1391(b)(2) because Plaintiff was prevented from filing in San Diego, where a substantial part of the events giving rise to the claim asserted occurred.

## PARTIES

3. Plaintiff Adam Van Susteren, a lifetime U.S. citizen, is a San Diego resident seeking ballot access as a Libertarian candidate for California's 53rd district in the 2002 United States House of Representatives election.

4. Defendant Bill Jones is the California Secretary of State whose responsibilities as Secretary of State include: serving as the State's Chief Elections Officer and enforcing the California Elections Code. Defendant Mikel Haas is the San Diego Registrar of Voters.

## STATEMENT OF THE FACTS

5. On 10/3/00, Van Susteren registered to vote as a Republican in California.

6. On 5/29/01, Van Susteren registered to vote as an Undeclared in California.

7. On 6/19/01, Van Susteren registered to vote as a Libertarian in California.

8. On September 28, 2001, Van Susteren filed the necessary petitions to obtain ballot access and fee waiver for candidacy. On September 30, 2001 Van Susteren was informed by Cathy Glaser (employee of San Diego Registrar of Voters) that he would not be allowed to file because he failed to satisfy the requirement of California Elections Code 8001 § (a)(2).

## CLAIM FOR RELIEF

9. Through Cal. Elec. Code 8001 § (a)(2), Defendants deny Plaintiff the opportunity to obtain ballot access even though Plaintiff meets all requirements under the U.S. CONST. art. I § 2 cl. 2. Defendants are enforcing a law, which adds State qualifications to a Federal election, which is thus repugnant to the United States Constitution.

## RELIEF REQUESTED

WHEREFORE, plaintiff request that this court:

a.   Enter a judgment declaring Cal. Elec. Code § 8001(a)(2) unconstitutional and enjoin Defendant from further enforcing it.

b.   Award Court costs incurred by the Plaintiff.

c.   Award any other relief the Court deems just and proper.

Respectfully submitted,

Adam Van Susteren

By: /s/ A.V.S.

Adam Van Susteren
2461 Union St.  #2
San Diego, CA. 92101
(619)230-1411
Plaintiff
Pro Se

-4-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY FACTS

Plaintiff registered Republican in California for the 2000 election, but became unhappy with his party's platform shortly thereafter. Plaintiff discovered the Libertarian party, and currently believes that the philosophy and agenda of the Libertarian party is in the country's best interest. Plaintiff did not foresee over twenty-five months in advance that he would run for Congress, but took steps to run for Congress on or about July 4, 2001, a full fifteen months before the election.

Plaintiff, an active member of the Libertarian party since approximately May 2001, believes he is the best candidate to represent the Libertarian party in California's 53rd District. Plaintiff's writings have been published in the San Diego Libertarian newsletter, Plaintiff has created and operated a website entailing the libertarian philosophy, attended and contributed to several Libertarian party meetings, participated in various Libertarian outreach activities including, "End The Drug War," "Campus Outreach," and "Gun Show Support." Plaintiff resides in the middle of his district and walks through his district daily to and from law school. Plaintiff is fully supported and backed by the Libertarian party and Libertarians

throughout the country, including the San Diego Libertarian Party Chair.

Plaintiff has been told he cannot run for Congress because he did not meet the requirement of Cal. Elec. Code § 8001, because he was registered with another qualified party within the previous year of filing for candidacy. Plaintiff contends this is an added qualification by the State of California to a Federal election, which violates the Constitution. Thus this Court must enjoin the Defendants from enforcing a law which is contrary to the Constitution, and is preventing the Van Susteren candidacy.

## II.  GOVERNING LAW

The Qualifications Clause of the United States Constitution states:

> No Person shall be a Representative who shall not have attained to the Age of twenty five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen.

The United States Supreme Court has recently performed a thorough review of whether or not States have the power to add qualifications to a Federal election. The Court held that Arkansas does not have the power to impose term limits on federal elections by restricting ballot access, declaring, "The provisions in the Constitution governing federal elections

-6-

confirm the Framers' intent that States lack power to add qualifications." US Term Limits v. Thornton, 514 U.S. 779, 808 (1995).

The Court held that States do have the power to regulate procedural aspects of an election, but not the power to exclude classes of candidates from running. Id. at 832.

Recently the 9th Circuit decided a case with the same core issue as the case at bar, Schaefer v. Townsend, 215 F.3d 1031 (9th Cir. 2000), *cert. denied*, 2001 U.S. Lexis 1995 (2001). Schaefer sued to have a court declare Cal. Elec. Code § 201 unconstitutional because it required candidates for the United States House to be registered voters in the State of California, thus requiring them to be residents of California to file for ballot access. Schaefer argued that the U.S. Constitution did not require him to live in the State for which he was seeking Congressional election until just prior to the election, and that the state could not impose an extra qualification requiring him to live in the State. Based on the rationale of Term Limits, the 9th Circuit declared:

> The California residency requirement has the likely effect of handicapping the class of nonresident candidates who would otherwise meet the requirements of the Qualifications Clause. Therefore, because states do not have the power to add to or alter the requirements enumerated in the Qualifications Clause,

Section 201 of the California Elections Code is unconstitutional insofar as it requires candidates for the state's delegation to the House of Representatives to reside in the state prior to the election.

Schaefer v. Townsend, 215 F.3d at 1039.

### III. PLAINTIFF AS A MEMBER IN HANDICAPPED CLASS

The Supreme Court noted, "[R]estrictions upon the people to choose their own representatives must be limited to those 'absolutely necessary for the safety of the society.'" Powell v. McCormack, 395 U.S. 486, 543 (1969), quoting 17 Annals of Cong. 874 (1807).

Plaintiff, and all other persons who may some day be so moved by some event that they change political party affiliation and decide to run for office, are hindered by Cal. Elec. Code § 8001. The presumable purpose behind the Code is to prevent fraudulent or frivolous campaigns. However, the filing fee and signature requirement are large enough hurdles to derail frivolous campaigns, thus Defendants are enforcing a law that prohibits Plaintiff from running a serious campaign for office, even when he meets all federal requirements.

Plaintiff contends no literate person that votes in the 2002 Congressional election will not know that the Plaintiff is a Libertarian. Regardless, Plaintiff still has fourteen months until the election, during which he will continually declare

himself a member of the Libertarian party, and campaign on issues consistent with the Libertarian platform.

Cal. Elec. Code § 8001 prevents Plaintiff from associating with his political party, and inhibits him from having any reasonable chance of winning the election. Our republican form of government should allow the voters to vote for the candidate they feel best represents them, not whomever California says can run for federal office.

WHEREFORE, plaintiff prays upon this Court for an expedited process in order to enjoin Defendant from enforcing Cal. Elec. Code § 8001(a)(2), thereby allowing plaintiff to gain access to the ballot for the 2002 Congressional Election in California's 53rd District.

ADAM VAN SUSTEREN
Plaintiff Pro Se

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Adam Van Susteren

**DEFENDANTS**
Bill Jones
Mikel Haas

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Adam Van Susteren (pro se)
2461 Union St. #2
San Diego, CA 92101

Attorneys (If Known)

'01 CV 1777 BTM POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28:1331 cv (app)

28 USC 1331, Plaintiff wants to enjoin Defendants from enforcing a law based on Constitutionality.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint.
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: Oct 2, 2001
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 75519  AMOUNT 150  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____