















KSR   12/7/01   15:45
3:01-CV-01777   SUSTEREN V. JONES
*28*
*O.*

FILED

DEC - 6 2001

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM VAN SUSTEREN,<br><br>Plaintiff,<br>vs.<br><br>BILL JONES, in his official capacity as California Secretary of State; SALLY MCPHERSON, in her official capacity as Registrar of Voters,<br><br>Defendants. | CASE NO. 01cv1777 BTM(POR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Adam Van Susteren ("Van Susteren" or "Plaintiff") has filed a Motion for Summary Judgment. Defendant Sally McPherson, Registrar of Voters, has filed a Cross Motion for Summary Judgment. Defendant Bill Jones, California Secretary of State, has requested the Court grant, *sua sponte*, summary judgment in his favor. For the reasons discussed below, Plaintiff's motion is DENIED and Defendant's Cross Motion for Summary Judgment is GRANTED.

## I. BACKGROUND

Plaintiff is seeking access to the ballot for California's March 2002 primary election as a Libertarian Party candidate for member of the House of Representatives. Plaintiff has support for his candidacy from the chairman of the San



00CV901

Diego Libertarian Party, as well as other members of the San Diego Libertarian Party Executive Committee. (Teyssier Decl., ¶ 2, 4.)

Van Susteren has affiliated with several different political parties over the past year. On October 3, 2000, Van Susteren registered to vote as a Republican in California. On May 29, 2001, he registered as Undeclared. Finally, on June 19, 2001 Plaintiff registered as Libertarian.

On September 20, 2001, Kathy Glaser of the Registrar of Voters informed Van Susteren that his candidacy would not be valid because of his failure to meet California Elections Code § 8001, a disaffiliation statute, which provides in relevant part:

> (a) No declaration of candidacy for a partisan office . . . shall be filed, by a candidate unless (1) at the time of presentation of the declaration and continuously for not less than three months immediately prior to that time . . . the candidate is shown by his affidavit of registration to be affiliated with the political party the nomination of which he seeks, and (2) the candidate has not been registered as affiliated with a qualified political party other than that political party the nomination of which he seeks within 12 months . . . immediately prior to the filing of the declaration.

Plaintiff may seek election to the House of Representatives as a write-in candidate. Plaintiff filed this action on October 2, 2001. He challenges the constitutionality of Cal. Elec. Code § 8001, particularly the state's disaffiliation requirement in section 8001(a)(2).

## II. DISCUSSION

Plaintiff argues that California Elections Code § 8001(a)(2) is unconstitutional under the Qualifications Clause, the First and Fourteenth Amendments and the Equal Protection Clause of the United States Constitution. Defendants argue that section 8001(a)(2) is constitutionally valid because the United States Supreme Court upheld a California disaffiliation statute virtually identical to section 8001(a)(2) in Storer v. Brown, 415 U.S. 724 (1974).

In Storer, two individuals, Storer and Frommhagen were disqualified from running as independent candidates for Congress under former section 6830(d) of the

California Elections Code. That statute required an independent candidate for Congress to have been disaffiliated from any political party for one year prior to the immediately preceding primary election:

> Each candidate or group or candidates shall file a nomination paper which shall contain: . . . (d) A statement that the candidate is not, and was not at any time during the one year preceding the immediately proceeding primary election at which a candidate was nominated for the office mentioned in the nomination paper, registered as affiliated with a political party qualified under the provisions of Section 6430.

Cal. Elec. Code § 6830(d). Storer and Frommhagen argued that the disaffiliation statute violated their First and Fourteenth Amendment rights.

The Court evaluated the one-year disaffiliation statute under strict scrutiny analysis. The Court noted that state statutes that place substantial burdens on the right to associate for political purposes are "constitutionally suspect and invalid under the First and Fourteenth Amendment and under the Equal Protection Clause unless essential to serve a compelling state interest." Storer, 415 U.S. at 729. However, the Court also noted that states have authority to prescribe the "Times, Places and Manner of holding Elections for Senators and Representatives," U.S. CONST. Art. I, § 4, cl. 1, and may regulate elections, in a substantial way, to ensure they are fair, honest and orderly. Id. at 730. The Court upheld the disaffiliation statute as furthering the state's interest in the stability of its political system, stating: "We also consider that interest as not only permissible, but also compelling and as outweighing the interest the candidate and his supporters may have in making late rather than an early decision to seek independent ballot status. Nor do we have reason for concluding that [the statute] was not an essential part of its overall mechanism to achieve its acceptable goals." Id. at 736.

Furthermore, the Court held that section 6830(d) of the Elections Code did not discriminate against independents because the disaffiliation requirement was identical to the requirements placed on party candidates under section 6401. Id. at 733. Section 6401 is the predecessor to California Elections Code section 8001, and contains the same twelve month disaffiliation requirement.

The Court assesses the constitutionality of a state elections law by first examining whether it burdens rights protected by the First and Fourteenth Amendments. If the challenged law burdens the rights of political parties and their members, it can survive constitutional scrutiny only if the State shows that it advances a compelling state interest and is narrowly tailored to serve that interest. Eu v. San Francisco Democratic Central Committee, 489 U.S. 214, 222 (1989). Plaintiff argues that the state interests advanced by section 8001(a)(2) are insufficiently compelling to justify the substantial burden it places on his First Amendment rights. Defendants argue that the disaffiliation statute in dispute maintains the integrity of the electoral process, which is the same purpose advanced by the disaffiliation statute upheld in Storer. According to Defendants, the disaffiliation requirement protects the public by insuring that the candidate truly represents the views of the party whose nomination the candidate seeks.

Under the first prong, Van Susteren argues that section 8001(a)(2) burdens his First Amendment rights of freedom of association and ballot access. The Court disagrees that the statute restricts Plaintiff's ability to associate with the political party of his choice. Section 8001(a)(2) does not regulate the internal functioning of political parties; rather it protects political parties from external disruption. See Tashijian v. Republican Party of Connecticut, 479 U.S. 208, 224 (1986) (distinguishing the disaffiliation statute upheld in Storer with a Connecticut statute that prevented the parties from taking internal steps affecting their own process for the selection of candidates). Plaintiff may freely associate with the Libertarian Party as a member and office-holder. On the other hand, the Court agrees that section 8001(a)(2) burdens Plaintiff's First Amendment right of ballot access, despite the availability of a write-in candidacy. The Court must therefore determine whether section 8001(a)(2) passes constitutional muster under strict scrutiny.

The Supreme Court upheld the analogous disaffiliation statute in Storer under strict scrutiny analysis:

> It appears obvious to us that the one-year disaffiliation provision furthers the State's interest in the stability of the political system. We also consider that interest as not only permissible, but compelling and as outweighing the interest the candidate and his supporters may have in making a late rather than an early decision to seek independent ballot status. Nor do we have reason for concluding that the device California chose, s 6830(d) (Supp.1974), was not an essential part of its overall mechanism to achieve its acceptable goals. . . . [T]he Constitution does not require the State to choose ineffectual means to achieve its aims. To conclude otherwise might sacrifice the political stability of the system of the State, with profound consequences for the entire citizenry, merely in the interest of particular candidates and their supporters having instantaneous access to the ballot.

Storer, 415 U.S. at 736. Section 8001(a)(2) advances the same state interest in maintaining the integrity of the electoral process as the disaffiliation statute analyzed by the Supreme Court in Storer. Thus, unless the statute is materially distinguishable from the disaffiliation statute upheld in Storer, section 8001(a)(2) must be upheld.

Plaintiff cites two reasons why Storer is not controlling. First, Plaintiff argues that because the primary dates have changed, section 8001(d), in application, requires an additional seven months of disaffiliation than required when Storer was decided. This argument is unavailing. While there would certainly be a length of time at which the state's disaffiliation requirement would become an impermissible burden,[1] seven additional months does not cross that line. Instead, the state interest served by the disaffiliation requirement continues to outweigh the interest Plaintiff has in "making a late rather than an early decision" to seek Libertarian ballot status. Storer, 415 U.S. at 736.

Second, Plaintiff argues that the Storer court limited its decision to upholding the disaffiliation statute as applied to plaintiffs Storer and Frommhagen. Indeed, the Storer court noted that neither plaintiff was in a position to complain that the waiting period is one year, since each had been disaffiliated for only six months

---

[1] For example, in the context of voter registration, the Supreme Court has upheld an 11-month waiting period, but held a 23-month waiting period unconstitutional. Compare Rosario v. Rockefeller, 410 U.S. 752 (1973) (upholding an 11-month waiting period for voters who wanted to change political parties) with Kusper v. Pontikes, 414 U.S. 51 (1973) (striking down a 23-month waiting period for voters who wanted to change political parties). However, the one-year disaffiliation statute is distinguishable from a waiting period for voters. The State's interest protecting the public from fraudulent campaigns with a disaffiliation requirement is superior to its interest in maintaining ordered voter registration.

and, "as applied to them," the disaffiliation statute was valid. See Storer, 415 U.S. at 734. The Court does not take such a narrow view of Storer. The Storer court upheld the one-year disaffiliation requirement of the challenge statute. Id. at 736 ("We conclude that [the disaffiliation statute] is not unconstitutional, and Storer and Frommhagen were properly barred from the ballot as a result of its application.") Van Susteren's First Amendment challenge is therefore controlled by Storer.

Plaintiff's Equal Protection Clause challenge is similarly controlled by Storer, which upheld a virtually identical disaffiliation statute under an equal protection challenge. Plaintiff appears, however, to make an additional argument as to why section 8001(a)(2) violates equal protection. He argues that California is one of only nine states with such a disaffiliation requirement and, of those nine states, California's one-year disaffiliation requirement is the longest and most burdensome. Consequentially, Plaintiff would be eligible to run for Congress in any other state besides California.

The Equal Protection Clause states: "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 5. The clause does not direct states to enact the same laws as each other.[2] The State of California may therefore require more stringent disaffiliation requirements for political candidates so long as its statutes do not violate federal law.

Van Susteren also contends that section 8001(a)(2) violates the Qualifications Clause by adding a length of nonaffiliation with another party as a qualification for the position of a member of the House of Representatives. The Qualifications Clause sets forth the requirements for membership in the U.S. House of Representatives:

> No Person shall be a Representative who shall not have attained the Age of twenty five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be

---

[2] For example, an individual in Nevada does not state a cause of action under the Equal Protection Clause by arguing that Nevada's air quality laws are inadequate compared to those in California.

chosen.

U.S. CONST. art. I, § 2, cl. 2. States may not "supplement the exclusive qualifications set forth in the text of the Constitution." U.S. Term Limits v. Thornton, 514 U.S. 779 (1995). Term Limits sets forth a two-step inquiry to determine whether the state statute violates the Qualifications Clause. First, states may not create an absolute bar to candidates who would otherwise meet the requirements of the Qualifications Clause. Schaefer v. Townsend, 215 F.3d 1031, 1035 (9th Cir. 2000). Second, the reviewing court must determine whether the statue "has the likely effect of handicapping a class of candidates and has the sole purpose of creating additional qualifications indirectly." Id.

The parties agree that section 8001(a)(2) does not create an absolute bar to Van Susteren's candidacy but disagree whether the provision has the likely effect of handicapping an otherwise qualified class of candidates. Plaintiff argues that his candidacy is handicapped because California is the only state with a one-year disaffiliation requirement. Furthermore, he argues that the provision fails to prevent frivolous or fraudulent candidacies. Defendants, on the other hand, argue that the Supreme Court has already determined that the virtually identical disaffiliation statute upheld in Storer does not violate the Qualifications Clause. Furthermore, Defendants argue that section 8001(a)(2) is a permissible application of states' authority to prescribe the "Times, Places and Manner of holding Elections for Senators and Representatives," U.S. CONST. Art. I, § 4, cl. 1.

The Supreme Court in Term Limits reaffirmed Storer and, in striking down Arkansas' term limits constitutional amendment as a violation of the Qualifications Clause, distinguished the disaffiliation statute at issue in Storer. The Court stated:

> The provisions at issue in Storer and our other Elections Clause cases were thus constitutional because they regulated election *procedures* and did not even arguably impose any substantive qualification rendering a class of potential candidates ineligible for ballot position. They served the state interest in protecting the integrity and regularity of the election process, an interest independent of any attempt to evade the constitutional prohibition against the imposition of additional qualifications for service in Congress. And they did not involve measures that exclude candidates from the ballot without reference to

1 |     the candidates' support in the electoral process.
2 | Term Limits, 514 U.S. at 835.
3 |     The Ninth Circuit has similarly cited Storer as a permissible application
4 | of the state's right to maintain order in its elections proceedings. In Schaefer v.
5 | Townsend, supra, the Ninth Circuit struck down a state elections law that required
6 | candidates to establish state residency well in advance of the election as
7 | unconstitutional under the Qualifications Clause. The residency requirement in
8 | Schaefer could not be justified because, unlike the disaffiliation statute in Storer, it
9 | was not related to the state's right to maintain order in elections proceedings.
10 | Schaefer, 215 F.3d at 1037 (distinguishing Storer).
11 |     As discussed above, section 8001(a)(2) is materially indistinguishable
12 | from the statute upheld in Storer. In light of the reaffirmance of Storer in both Term
13 | Limits and Schaeffer, section 8001(a)(2) does not create an additional substantive
14 | qualification as to render the disaffiliation statute unconstitutional.
15 |     Finally, Plaintiff argues that even if section 8001(a)(2) is upheld, the Court
16 | should hold it unconstitutional as applied to him. The Court recognizes that Plaintiff
17 | has received the support of several high ranking members of the San Diego
18 | Libertarian Party. On the other hand, Plaintiff has affiliated with three political parties
19 | in the last year and has been registered as Libertarian for approximately six months.
20 | Given the present record, section 8001(a)(2) is properly applied to bar Plaintiff's
21 | candidacy in order to "maintain order" in the electoral process.
22 | //
23 | //
24 | //
25 | //
26 | //
27 | //
28 | //

## III. CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Summary Judgment is DENIED. Defendants' Motion for Summary Judgment is GRANTED. Because the Court upholds the constitutionality of section 8001(a)(2) the complaint against Bill Jones is also dismissed with prejudice. The clerk shall enter judgment dismissing Plaintiff's complaint with prejudice.

**IT IS SO ORDERED.**

Dated: December 6, 2001

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge

Copies to:
Magistrate Judge Brooks
All parties and counsel of record