# USDC SCAN INDEX SHEET










```
APB    8/21/03    8:57
3:01-CV-01777    SUSTEREN V. JONES
*43*
*APPJGM.*
```

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---------------

NO. 01-57210
CT/AG#: CV-01-01777-BTM/POR

ADAM VAN SUSTEREN

    Plaintiff - Appellant

v.

BILL JONES, in his official capacity as California Secretary of State; MIKEL HAAS, in his official capacity as Registrar of Voters; SALLY MCPHERSON, in her official capacity as Registrar of Voters for the County of San Diego

    Defendants - Appellees

---------------------

    APPEAL FROM the United States District Court for the Southern District of California (San Diego).

    THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the Southern District of California (San Diego) and was duly submitted.

    ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is AFFIRMED.

Filed and entered        June 6, 2003.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
JUL 30 2003
by Deputy Clerk

43

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ADAM VAN SUSTEREN,
    *Plaintiff-Appellant,*

v.

BILL JONES, in his official capacity as California Secretary of State; MIKEL HAAS, in his official capacity as Registrar of Voters; SALLY MCPHERSON, in her official capacity as Registrar of Voters for the County of San Diego,
    *Defendants-Appellees.*

No. 01-57210
D.C. No.
CV-01-01777-BTM/LSP
OPINION

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted
April 10, 2003—Pasadena, California

Filed June 6, 2003

Before: Mary M. Schroeder, Chief Judge, Susan P. Graber, Circuit Judge, and James K. Singleton, District Judge.*

Opinion by Chief Judge Schroeder

---

*The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

7567

PRINTED FOR
ADMINISTRATIVE OFFICE—*U.S. COURTS*
BY WEST—SAN FRANCISCO—(800) 888-3600

The summary, which does not constitute a part of the opinion of the court, is copyrighted © 2003 by West, a Thomson Company.

## SUMMARY

### Government Law/Elections

The court of appeals affirmed a judgment of the district court. The court held that the California Elections Code § 8001, which requires partisan candidates to have been disaffiliated from membership in other political parties for one year prior to filing for primary ballot access does not violate the Constitution.

Appellant Adam Van Susteren filed an action in federal district court seeking to be listed on the ballot as a Libertarian Party candidate in the March 2002 primary election for California's 53rd District seat in the United States House of Representatives. Appellees, the California Secretary of State and the San Diego Registrar of Voters, denied Van Susteren a place on the ballot because he did not meet the disaffiliation requirement in California Elections Code § 8001. The disaffiliation provision requires partisan candidates to have been disaffiliated from membership in other political parties for one year prior to filing for primary ballot access. Van Susteren did not meet the disaffiliation requirement because he had been registered as a Republican within the preceding twelve months. The district court rejected Van Susteren's constitutional challenges to § 8001 and granted summary judgment in favor of the government. The district court ruled that Van Susteren's case was not materially distinguishable from the Supreme Court's opinion in *Storer v. Brown*, 415 U.S. 724 (1974).

Van Susteren appealed, with contentions including that the disaffiliation requirement was invalid under the First Amendment and the Equal Protection Clause.

[1] In *Storer*, the Supreme Court upheld a similar disaffiliation requirement that applied to independent candidates. It

required them to be disaffiliated from any party for one year prior to the preceding primary election. The Court concluded that the disaffiliation requirement was aimed at preserving the integrity of the various means of getting on the ballot, and that it thus furthered the state's interest in maintaining a stable political system. The Court said this interest was not only permissible, but compelling.

[2] The disaffiliation requirement imposed on partisan candidates similarly served California's interest in maintaining the stability of the state's political system. Requiring candidates' disaffiliation from other parties during the preceding 12 months encouraged stability by discouraging candidates from making a partisan affiliation on the spur of the moment. Such candidates, in the Supreme Court's words, may be prompted by short-range political goals, pique, or personal quarrel. The interest in a stable electoral process outweighs any interest the candidate or his supporters may have in making last-minute affiliation decisions. [3] In upholding the disaffiliation provision in *Storer*, the Supreme Court observed with approval that the California Elections Code imposed almost identical disaffiliation requirements on partisan and independent candidates. This passage suggested that disaffiliation was a neutral requirement that imposed a similar burden on both types of candidates.

[4] The Supreme Court has recognized that states' authority to regulate parties' internal selection of candidates is limited. The disaffiliation requirement did not regulate political parties' internal affairs, however, but was aimed at protecting parties from disruption by outsiders. The district court therefore correctly ruled that § 8001 did not impermissibly burden rights protected by the First Amendment.

[5] To sustain his challenge on equal protection grounds, Van Susteren had to establish that the two groups, partisan and independent candidates, were similarly situated with respect to the routes they had to take to get on the general

election ballot. These two groups were not similarly situated. Party candidates must run in a primary election, which is integral to the election process because it serves the important function of winnowing out competing partisan candidates. By contrast, an independent candidate need not, and indeed may not, participate in a party primary in order to be on the general election ballot. [6] The more appropriate comparison was therefore between the disaffiliation period before the primary election for partisan candidates and the disaffiliation period before the general election for independent candidates. These periods were essentially similar. Partisan candidates had to disaffiliate one year before they filed for the primary election. One year was not significantly different than the 13-month period in which independents have to be disaffiliated before the general election. There was no equal protection violation.

[7] States lack the power to add qualifications for members of the House of Representatives beyond those found in Article I, Section 2, Clause 2 of the Constitution. The Supreme Court has explicitly stated, however, that the disaffiliation provision at issue in *Storer* was constitutional because it regulated election procedures and did not even arguably impose any substantive qualification rendering a class of potential candidates ineligible for ballot position. In this regard *Storer* was indistinguishable from Van Susteren's case. Thus, § 8001(a)(2) did not violate the Qualifications Clause. The judgment of the district court had to be affirmed.

## COUNSEL

Adam Van Susteren, Pro Se, San Diego, California, for the plaintiff-appellant.

Susan R. Oie, Deputy Attorney General of the State of California, Sacramento, California, for the defendants-appellees.

## Conclusion

The district court correctly held that the disaffiliatio requirement in § 8001(a)(2) does not violate the Constitutio of the United States. The district court's grant of summar judgment in favor of the defendants is AFFIRMED.

Case 3:01-cv-01777-BTM-POR   Document 43   Filed 08/20/03   Page 7 of 9

---

# OPINION

SCHROEDER, Chief Judge:

Adam Van Susteren filed this action in federal district court seeking to be listed on the ballot as a Libertarian Party candidate in the March 2002 primary election for California's 53rd District seat in the United States House of Representatives. The defendants, the California Secretary of State and the San Diego Registrar of Voters, denied Van Susteren a place on the ballot because he did not meet the disaffiliation requirement in California Elections Code § 8001. The disaffiliation provision requires partisan candidates to have been disaffiliated from membership in other political parties for one year prior to filing for primary ballot access.[1] See Cal. Elec. Code § 8001(a)(2).

Van Susteren did not meet the disaffiliation requirement because he had been registered as a Republican within the preceding twelve months. The district court rejected Van Susteren's constitutional challenges to section 8001 and granted summary judgment in favor of the defendants. We affirm because the district court correctly held that this case is not materially distinguishable from the Supreme Court's opinion in *Storer v. Brown*, 415 U.S. 724 (1974).

### A. *Associational Rights Challenge*

[1] Van Susteren first contends that the disaffiliation requirement is invalid under the First Amendment on the the-

---

[1]The disaffiliation provision states:

> No declaration of candidacy for a partisan office . . . shall be filed, by a candidate unless . . . the candidate has not been registered as affiliated with a qualified political party other than that political party the nomination of which he seeks within 12 months . . . immediately prior to the filing of the declaration.

Cal. Elec. Code § 8001(a)(2).

may not, participate in a party primary in order to be on the general election ballot. *See* Cal. Elec. Code § 8003(a).

[6] The more appropriate comparison is therefore between the disaffiliation period before the primary election for partisan candidates and the disaffiliation period before the general election for independent candidates. These periods are essentially similar. Partisan candidates must disaffiliate one year before they file for the primary election. *See* Cal. Elec. Code § 8001(a)(2). One year is not significantly different than the thirteen-month period in which independents must be disaffiliated before the general election. *See* Cal. Elec. Code § 8550(f). There is no equal protection violation.

### C. *Qualifications Clause*

[7] Van Susteren's final argument is that California has violated the Qualifications Clause by adding disaffiliation from a political party as a qualification for a position in the House of Representatives.[2] States lack the power to add qualifications for members of the House of Representatives beyond those found in Article I, Section 2, Clause 2. *See U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 783 (1995). The Supreme Court has explicitly stated, however, that the disaffiliation provision at issue in *Storer* was constitutional because it "regulated election *procedures* and did not even arguably impose any substantive qualification rendering a class of potential candidates ineligible for ballot position." *Id.* at 835. In this regard *Storer* is indistinguishable from this case. Thus, § 8001(a)(2) does not violate the Qualifications Clause.

---

[2]The Qualifications Clause states, "No Person shall be a Representative who shall not have attained to the Age of twenty five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen." U.S. Const. art. I, § 2, cl. 2.

ory that it impermissibly burdens the rights to vote and to associate politically. In *Storer*, the Supreme Court upheld a similar disaffiliation requirement that applied to independent candidates. 415 U.S. at 726, 736. It required them to be disaffiliated from any party for one year prior to the preceding primary election. *See id.* The Court concluded that the disaffiliation requirement was aimed at preserving the integrity of the various means of getting on the ballot, and that it thus furthered the state's interest in maintaining a stable political system. *See id.* at 733, 736. The Court said this interest was "not only permissible, but compelling." *Id.* at 736.

[2] The disaffiliation requirement imposed on partisan candidates similarly serves California's interest in maintaining the stability of the state's political system. Requiring candidates' disaffiliation from other parties during the preceding twelve months encourages stability by discouraging candidates from making a partisan affiliation on the spur of the moment. Such candidates, in the Supreme Court's words, may be "prompted by short-range political goals, pique, or personal quarrel." *Id.* at 735. The interest in a stable electoral process outweighs any interest the candidate or his supporters may have in making last-minute affiliation decisions. *See id.* at 736; *see also Rosario v. Rockefeller*, 410 U.S. 752, 761-62 (1973) (upholding voter disaffiliation requirements because they preserve the "integrity of the electoral process").

[3] Van Susteren contends that *Storer* is not controlling because a disaffiliation requirement imposes a greater burden on associational rights when applied to candidates affiliated with a political party than it does when applied to independent candidates. In upholding the disaffiliation provision in *Storer*, however, the Supreme Court observed with approval that the California Elections Code imposed almost identical disaffiliation requirements on partisan and independent candidates. *See Storer*, 415 U.S. at 733. This passage suggests that disaffiliation is a neutral requirement that imposes a similar burden on both types of candidates.

[4] Van Susteren also contends that § 8001 is an impermissible attempt to regulate the Libertarian Party's internal affairs. The Supreme Court has recognized that states' authority to regulate parties' internal selection of candidates is limited. *See Tashjian v. Republican Party of Conn.*, 479 U.S. 208, 224 (1986). The disaffiliation requirement does not regulate political parties' internal affairs, however, but is aimed at protecting parties from disruption by outsiders. *See id.* The district court therefore correctly held that § 8001 does not impermissibly burden rights protected by the First Amendment.

B. *Equal Protection Challenge*

Van Susteren also argues that the disaffiliation provision violates the Equal Protection Clause. He contends that partisan candidates and independent candidates are treated differently because the effect of the requirement, when imposed on candidates in a party primary election, is to require partisan candidates to be disaffiliated for twenty-three months prior to the general election, while independent candidates need only be disaffiliated for thirteen months prior to the general election.

[5] To sustain his challenge on equal protection grounds, Van Susteren must establish that the two groups, partisan and independent candidates, are similarly situated with respect to the routes they must take to get on the general election ballot. *See Colo. Libertarian Party v. Sec'y of State of Colo.*, 817 P.2d 998, 1006 (Colo. 1991) (rejecting equal protection challenge to a disaffiliation requirement where groups were not similarly situated under the state election code). These two groups are not similarly situated. Party candidates must run in a primary election, which is integral to the election process because it serves the important function of winnowing out competing partisan candidates. *See Storer*, 415 U.S. at 735. By contrast, an independent candidate need not, and indee

INTERNAL USE ONLY: Proceedings include all events.
01-57210 Van Susteren v. Jones

| | |
|---|---|
| ADAM VAN SUSTEREN<br>    Plaintiff - Appellant | Adam Van Susteren<br>619-299-2326<br>[COR LD NTC prs]<br>6031 Cirrus Street<br>San Diego, CA 92110 |
| v. | |
| BILL JONES, in his official<br>capacity as California<br>Secretary of State<br>    Defendant - Appellee | Susan Roche Oie<br>FAX 916-324-8835<br>916-324-5345<br>Suite 125<br>[COR LD NTC dag]<br>STATE OF CALIFORNIA<br>Department of Justice<br>1300 "I" Street<br>P.O. Box 944255<br>Sacramento, CA 94244-2550 |
| MIKEL HAAS, in his official<br>capacity as Registrar of<br>Voters<br>    Defendant - Appellee<br> [term  01/17/02] | |
| SALLY MCPHERSON, in her<br>official capacity as Registrar<br>of Voters for the County of<br>San Diego<br>    Defendant - Appellee<br> [term  05/24/02] | |